598 F.2d 881
 DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Petitioner,
v.
LECKIE SMOKELESS COAL COMPANY (Employer)
and
Lester E. Bennett (Claimant), Respondents.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Petitioner,
v.
CLINCHFIELD COAL COMPANY (Employer)
and
John D. Dotson (Claimant), Respondents.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Petitioner,
v.
CLINCHFIELD COAL COMPANY (Employer)
and
Clarence McNeil (Claimant), Respondents.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Petitioner,
v.
EASTERN ASSOCIATED COAL CORPORATION (Employer)
and
Morris Hoskins (Claimant), Respondents.
 Nos. 78-1593, 78-1758, 78-1802 and 78-1843.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 8, 1979.
Decided June 1, 1979.
 
 Belva D. Newsome, U. S. Dept. of Labor (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Judith E. Wolf, Co-Counsel for Black Lung Benefits, Kenneth F. Noto and Lee D. Richardson, U. S. Dept. of Labor, Washington, D. C., on brief), for petitioner.
 
 
 1
 W. Henry Jernigan, Jr., Charleston, W. Va. (John L. McClaugherty, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., on brief), for respondent Leckie Smokeless Coal Co.
 
 
 2
 Gordon T. Ikner, Madison, W. Va. (Richard L. Theibert, Shaffer, Theibert, Ikner & Schlaegel, Madison, W. Va., on brief), for respondent Eastern Associated Coal Corporation; Elizabeth S. Woodruff, Abingdon, Va. (Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief), for respondent Clinchfield Coal Co.
 
 
 3
 Thomas M. Hayes, Weaver & Hayes, Charleston, W. Va., on brief, for respondent Lester Bennett.
 
 
 4
 J. David Parrish, Orlando, Fla., on brief, for respondent Clarence McNeil.
 
 
 5
 Dennis E. Jones, Jones & Godfrey, Lebanon, Va., on brief, for respondent John D. Dotson.
 
 
 6
 Earl Cole, Barbourville, Ky., on brief, for respondent Morris Hoskins.
 
 
 7
 Before BUTZNER and PHILLIPS, Circuit Judges, and EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.
 
 PER CURIAM:
 
 8
 The sole issue in these four cases is whether successful applicants for black lung benefits whose employment in coal mines terminated prior to 1970 may recover their attorneys' fees from the Black Lung Disability Trust Fund. We hold that they may and deny the petitions for review filed by the Director of the Office of Workers' Compensation Programs.
 
 
 9
 Lester E. Bennett, John D. Dotson, Morris Hoskins, and Clarence McNeil were all employed in coal mines for substantial periods, but none of them worked in a coal mine after 1963. Each filed a timely application seeking benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, commonly known as the Black Lung Benefits Act.[1] The Director initially determined that Bennett, Dotson, and McNeil were entitled to benefits but that Hoskins was not. The Benefits Review Board reversed the Director's determination as to Hoskins. The Board awarded benefits to all four miners and ordered the employers to pay the benefits and the miners' counsel fees.
 
 
 10
 Before the awards became final, Congress enacted major amendments to the Act. The Black Lung Benefits Revenue Act[2] and the Black Lung Benefits Reform Act[3] relieved employers of liability for payment of benefits to miners whose coal mining employment ended before 1970 and placed the responsibility instead on the newly-created Black Lung Disability Trust Fund.[4] Upon motions filed by the employers, the Board therefore modified its orders to substitute the trust fund for the employers with respect to payment of benefits. The Board also directed payment of the attorneys' fees for all four claimants out of the trust fund. The Director then brought these petitions for review, protesting the award of fees from the fund, and we consolidated the four cases.
 
 
 11
 The Director calls our attention to Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which holds that attorneys' fees are not ordinarily recoverable in federal courts unless expressly authorized by statute. The Director also relies on 28 U.S.C. § 2412, which bars awards of attorneys' fees against the United States in the absence of a specific statutory grant.
 
 
 12
 The Director presented substantially the same arguments in Republic Steel Corp. v. United States Department of Labor, 590 F.2d 77 (3d Cir. 1978). In that case, the court held that the fund is liable for attorneys' fees in cases involving claimants whose coal mining employment ended prior to 1970.
 
 
 13
 The Director also seeks to confine Republic Steel to cases in which the Director has opposed the award of benefits. The Third Circuit, however, has rejected this distinction. See Solarczyk v. Rochester & Pittsburgh Coal Co., 8 B.R.B.S. 1026 (B.R.B. June 30, 1978), Aff'd without published opinion, No. 78-2031 (3d Cir., Feb. 26, 1979).
 
 
 14
 In concert with the Third Circuit, we conclude that attorneys' fees may be charged to the trust fund for claimants who terminated their employment prior to 1970 without regard to whether the Director contested the claim.
 
 
 15
 The petitions for review are denied.
 
 
 
 [1]
 83 Stat. 792 (1969), As amended, 30 U.S.C.A. §§ 901-45 (1979 Supp.)
 
 
 [2]
 Pub.L.No.95-227, 92 Stat. 11 (1978) (to be codified in 26 and 30 U.S.C.)
 
 
 [3]
 Pub.L.No.95-239, 92 Stat. 95 (1978) (to be codified in 30 U.S.C.)
 
 
 [4]
 See Revenue Act, § 3(d), 92 Stat. 13-14; Reform Act, § 7(h), 92 Stat. 99. These provisions revised sections 422 and 424 of the Act. The revised sections 422(j)(2) (30 U.S.C.A. § 932(j)(2)) and 424(a)(2) (30 U.S.C.A. § 934(a)(2)) substitute the trust fund for the employer with respect to claims of miners whose last coal mining employment was before 1970. The amendments apply to claims which were pending on the date the amendments were enacted. Reform Act, § 15(b)(1), 92 Stat. 104-05 (30 U.S.C.A. § 945(a)(1)(A))